CAMPBELL v. TRINIDAD SHIPPING & TRADING CO., Limited.

(District Court, E. D. New York    November 20, 1908.)

SEAMEN (§ 29*)—PERSONAL INJURIES—ASSUMPTION OF RISK.

     Leaving the cover off from a hatchway on a vessel which was surrounded by a coaming 30 inches high, alongside of which was also a broad ledge, was not of itself a failure of duty toward a member of the crew, who had full opportunity to know the position and condition of the hatch, which renders the vessel liable for his injury by falling therein.

     [Ed. Note.—For other cases, see Seamen, Cent. Dig. §§ 186, 188; Dec. Dig. § 29.*]

In Admiralty.

Samuel F. Edmead, for libelant.

Convers & Kirlin (John M. Woolsey, of counsel), for respondent.

CHATFIELD, District Judge. The libelant was injured by falling through a hatchway upon the steamer Grenada. The hatch was surrounded by a coaming about 30 inches high, and had been open during the day for purposes connected with the cargo of the vessel. A broad ledge or covering over steam pipes also runs alongside the coaming, and would prevent persons along the passageway from getting close

to the hatch. The accident happened in the evening, about 7 o'clock, while the hatch covers were not in position. It was apparently getting dark at the time. The libelant, who was one of the crew, employed as baker, worked in a part of the ship which overlooked this particular hatch through windows immediately in front of where the libelant performed part of his duties. The libelant's story is that he slipped on greasy water. The presence of grease and water is denied, and the libelant is said to have told the officers that he sat upon the hatch coaming drinking tea just before he fell through. It is evident that he would not have been injured if the hatch covers had been in place, but no negligence or failure of due care toward the crew can be presumed from that fact. He further alleges that he was not taken to the nearest port and given proper treatment; but the evidence shows that reasonable judgment was used, as good treatment given as appeared to be necessary, including examination by a doctor, and the libelant's own wishes consulted in bringing him to New York. There is nothing to indicate that he did not receive such care as the vessel's obligations called for.

The particular hatchway was not so constructed as to be capable of use as a part of the deck, nor could any member of the crew be relieved from responsibility if he saw fit to walk or sit upon the hatch, without looking to see if the covers were in place. The story of the libelant does not seem credible, and he has not only not sustained the burden of proof, but, on the contrary, the testimony of the officers seems to be more worthy of belief. The risk was certainly open and apparent. The libelant had an excellent opportunity to become aware of the exact condition, and it is impossible to see what obligation rested upon the vessel which can be considered negligence. The libelant was either guilty of contributory negligence or he was the victim of some accident for which the ship should not be held responsible.

The libel must be dismissed.